U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JAN 2 3 2013

CHRIS R. JOHNSON, CLERK
BY
CV
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| KENNETH SCOTT BAXTER, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | C.A. No. 13-4014 |
| | § | Jury |
| LITTLE RIVER RECYCLING, | § | |
| PHILLIP CAUDLE, INDIVIDUALLY | § | |
| AND D/B/A LITTLE RIVER | § | |
| RECYCLING, AND PHILLIP BATES | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** KENNETH SCOTT BAXTER, Plaintiff, complaining of Little River Recycling; Phillip Caudle, Individually and d/b/a Little River Recycling; and Phillip Bates, Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Kenneth Scott Baxter is a citizen of the United States and the State of Texas and resides in Bowie County, Texas.

2. Defendant Little River Recycling is a business with its principal place of business in Little River County, Arkansas, which may be served by serving the person in charge at 148 LR 157, Foreman, Arkansas 71836.

3. Defendant Phillip Caudle is an individual and citizen residing in Little River County, Arkansas and may be served by serving him personally at 148 LR 157, Foreman, Arkansas 71836.

4. Defendant Phillip Bates is an individual and citizen residing in Little River County, Arkansas and may be served by serving him personally at his home address of 2786 Highway 32 W, Foreman, Arkansas  71836.

## JURISDICTION

5. Federal jurisdiction arises under Title 28, U.S.C. 1332, due to the parties' diversity of citizenship.

## NATURE OF CAUSE OF ACTION

6. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## FACTS

7. On November 29, 2012, Plaintiff was traveling in his automobile on Interstate Highway 30 in Bowie County, Texas, when his vehicle struck a large cargo container and trailer, owned by Little River Recycling, from which the cargo container became dislodged and fell into a lane of traffic on the interstate.

## NEGLIGENCE BY LITTLE RIVER RECYCLING and PHILLIP CAUDLE

8. Defendants Little River Recycling and Phillip Caudle, Individually and d/b/a Little River Recycling, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

9. Plaintiff's injuries were proximately caused by Defendant Little River Recycling and Phillip Caudle, Individually and d/b/a Little River Recycling's negligent, careless and reckless disregard of said duty.

10. The negligent, careless and reckless disregard of duty of Defendant Little River Recycling and Phillip Caudle, Individually and d/b/a Little River Recycling consisted of, but is not limited to, the following acts and omissions:

    A. In that Defendant Little River Recycling and Phillip Caudle, Individually and d/b/a Little River Recycling failed to properly maintain the motor vehicle and trailer to ensure it could safely transport a cargo container as a business or person using ordinary prudent care would have done.

## PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST LITTLE RIVER RECYCLING

11. On November 29, 2012, Defendant Little River Recycling was the owner of the vehicle operated by Phillip Bates.

12. Defendant Little River Recycling entrusted the vehicle to Phillip Bates, a reckless and careless driver and knew, or through the exercise of reasonable care should have known, that PhillipBates was a reckless and careless driver.

13. As described herein, Phillip Bates was negligent on the occasion in question and his negligence was the proximate cause of Plaintiff's damages.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST PHILLIP BATES

14. Defendant Phillip Bates, individually, and in the course and scope of his employment for Defendant Little River Recycling, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

15. Plaintiff's injuries were proximately caused by Defendant Phillip Bates' negligent, careless and reckless disregard of said duty and in the course and scope of his employment for Defendant Little River Recycling,

16. The negligent, careless and reckless disregard of duty of Defendant Phillip

Bates, individually, and in the course and scope of his employment for Defendant Little River Recycling, consisted of, but is not limited to, the following acts and omissions:

>   A. In that Defendant Phillip Bates failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances; and
>
>   B. In that Defendant Phillip Bates failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;
>
>   C. In that Defendant Phillip Bates failed to properly secure the cargo container prior to transporting the container as a person using ordinary prudent care would have done under the same or similar circumstances.

17. Plaintiff would further show that each of the Defendants was acting as the agent, servant, and employee of the other Defendants in the course and scope of employment.

## DAMAGES

18. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant and its agents, servant, and employee described hereinabove, for which Defendant is liable:

>   a. Pain, suffering and mental anguish, past and future;
>
>   b. Reasonable medical care and expenses, past and future;
>
>   c. Physical impairment;
>
>   d. Loss of earnings in the past; and
>
>   e. Loss of earning capacity which will, in all probability, be incurred in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff KENNETH SCOTT BAXTER respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for his damages, together with interest as allowed by law, costs of court, and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

FRIEDMAN LAW OFFICE
200 West Broad St.
Texarkana, Texas 75501
Tel. (903)794-3626
Fax. (903)792-0468
enfriedman@texarkanalegal.com

By: _____
Errol N. Friedman
Arkansas Bar No. 70086
Attorney for Plaintiff